

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERENCE L. YOUNG, on behalf of Writer's Guild-Industry Health Fund and Producer-Writers Guild of America Pension Plan,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JOSEPH SINGER DEVELOPMENT, LLC, a California corporation, also known as SINGER/JENSEN DEVELOPMENT, LLC,<br><br>　　　　　　Defendant. | CASE NO. CV04-7577 DT (PLAx)<br><br>ORDER AND OPINION **GRANTING** PLAINTIFF'S MOTION FOR ATTORNEY FEES |

I. **BACKGROUND**

　A. **Factual Summary**

　　　Terence L. Young ("Plaintiff"), a fiduciary for two employee benefit plans, brings this action on behalf of those plans, Writer's Guild-Industry Health Fund ("Health Fund") and Producer-Writer's Guild of America Pension Plan ("Pension Plan")(collectively "the Plans"). This action is to compel an audit of the books and records of Joseph Singer Development LLC, also known as Singer/Jensen Development LLC ("Defendant").

　　　Plaintiff alleges the following in his complaint:

1 | Plaintiff is a fiduciary of certain employee benefit plans and on behalf of the trustees of the plans brings this action pursuant to Employee Retirement Income Security Act of 1974 ("ERISA") § 502(a), 29 U.S.C. § 1132(a), against an employer, to enforce the terms of the plans and as a preliminary step in collecting delinquent contributions pursuant to ERISA § 515, 29 U.S.C. § 1145.

Jurisdiction and venue are appropriate in this judicial district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), in that the plans are administered, the breach took place, and the employer does business in this district.

Plaintiff is the administrator, and in light of certain discretionary functions he exercises, is a fiduciary of Health Fund, an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), and Pension Plan, an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2). The trustees of the Plans delegate to Plaintiff authority to act on their behalf in connection with the matters Plaintiff alleges in this Complaint.

Plaintiff is informed and believes that Defendant is a California corporation and an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5).

Defendant and Health Fund, a labor organization, are party to a written collective bargaining agreement by which Defendant agreed to make contributions to the Plans based upon a percentage of the earnings of Defendant's writer-employees. Defendant also agreed to be bound by the agreements and declarations of trust of the Plans ("Trust Agreements").

Article III, section 5 of the Trust Agreement of the Health Fund, and article III, section 6 of the Trust Agreement of the Pension Plan, each provide that a participating employer shall permit the Plans to audit the employer's books and records to determine the amount of contributions due to the Plans. The Trust Agreement of the Health Fund further provides:

> If the Trustees determine that a Producer has not provided requested information or made available its records for audit, the Trustees shall recover from the Producer the attorneys fees and costs incurred by the Trustees in securing the information or audit.

The trustees of the Plans retained an accounting firm to conduct an audit of the books and records of Defendant, for the period May 2, 2001 through June 30, 2003.

The trustees of the Plans determined that the Employer has not provided certain information to the Plans' auditors or made certain records available to the auditors for an audit. Unless the Defendant is enjoined by this Court to allow an audit, Plaintiff and the trustees of the Plans will be irreparably harmed in that they will be frustrated in their efforts to fulfill their fiduciary obligations to assure that contributions are properly paid to the Plans.

Plaintiff prays for judgment against Defendant as follows:

1. Injunctive relief, under the authority of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), ordering Defendant to submit its books and records to the Plans' auditors, for the period of May 2, 2001 through the date of the audit.

**B. Procedural Summary**

On September 13, 2004, Plaintiff filed a Complaint to Compel Audit Pursuant to Terms of Employee Benefit Plans, and to Recover Delinquent Contributions.

On January 28, 2005, this Court Ordered Plaintiff to Show Cause Re Dismissal for Lack of Prosecution.

On February 10, 2005, Plaintiff filed a Response to this Court's January 28, 2005 Order to Show Cause.

3

On February 10, 2005, Plaintiff filed a Motion for Order Directing Service on Secretary of State.

On March 21, 2005, this Court Granted Plaintiff's Motion for Order Directing Service of Summons to the California Secretary of State.

On May 4, 2005, Plaintiff filed a Request for Entry of Default by Clerk Against Defendant.

On May 6, 2005, the Clerk entered a Default as to Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

On July 14, 2005, Plaintiff filed a Notice of Motion and Motion for Default Judgment and for Final Order for Accounting.

On August 9, 2005, this Court entered an Order and Opinion Granting Plaintiff's Motion for Default Judgment and Final Order for Accounting. This Court also entered the Judgment and Final Order For Accounting.

On August 22, 2005, Plaintiff filed a Motion for Attorney Fees, which is currently before this Court.

## II. **DISCUSSION**

### A. **Standard**

In initially determining reasonable attorney's fees, a court determines a lodestar amount by multiplying the number of hours reasonably expended by a reasonable hourly rate. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983)). With respect to determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended. See id. A court can reduce the hours if the hours are excessive, redundant or otherwise unnecessary. See id. With respect to determining a reasonable hourly rate, the court considers the experience, skill and reputation of the attorney requesting fees, and is guided by the prevailing rate in

the community for similar work performed by attorneys of comparable skill, experience and reputation. See id. at 1210-11. Finally, in making its determination, the district court is guided by the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L. Ed. 2d 195 (1976), that have not been subsumed in the lodestar calculation. See id. at 1211. The Kerr factors are:

1. The time and labor required;
2. The novelty and difficulty of the questions;
3. The skill requisite to perform the legal services properly;
4. The preclusion of other employment due to acceptance of the case;
5. The customary fee;
6. The contingent or fixed nature of the fee;
7. The limitations imposed by the client or the case;
8. The amount involved and the results obtained;
9. The experience, reputation, and ability of the attorneys;
10. The undesirability of the case;
11. The nature of the professional relationship with the client;
12. Awards in similar cases.

Kerr, 526 F.2d at 70. The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation. See id. at 1212.

**B.  Analysis**

Plaintiff seeks an award of attorneys's fees, pursuant to 29 U.S.C. § 1132(g)(2)(D), of $3,925.00, and costs of $662.72.

5

### 1. Plaintiff is entitled to an award of fees and costs under ERISA

The applicable statute under ERISA provides that, in an action by a fiduciary to enforce the terms of a benefit plan, the court shall award unpaid contributions, liquidated damages, interest, attorney's fees and any other equitable relief which the court deems appropriate. Here, Plaintiff sought and obtained the equitable remedy of an audit order to determine, at a future date, any contributions or other damages owed. 29 U.S.C. § 1132 (2)(A)-(E). As such, he is entitled to recover his attorney's fees and costs.

Alternatively, Article III, section 5 of the Trust Agreement of the Health Fund provides as follows:

> If the Trustees determine that a Producer has not provided requested information or made available its records for audit, the Trustees shall recover from the Producer the attorney's fees and costs incurred by the Trustees in securing the information or audit.

As such, under the terms of the Trust Agreement, Defendant is contractually bound to pay Plaintiff's attorney's fees and costs for securing the audit.

### 2. Counsel is entitled to lodestar fees

As with all statutes where an award of attorney's fees is authorized to the prevailing party, courts follow the "lodestar/multiplier" approach in determining the amount of attorneys fees in an ERISA case. See Hensley v. Eckerhart, 461 U.S. 424, 433 n. 7, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (standards for fee awards "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'"); D'Emmanuele v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1382-83 (9th Cir. 1990) (lodestar/multiplier approach applies to attorneys fees under ERISA). This

6

approach requires, first, a determination of a "lodestar" amount of reasonable hours multiplied by a reasonable rate, and then a determination whether to increase or decrease the lodestar amount by a multiplier. See D'Emmanuele, above, at 1383.

### 3. The Court awards fees for all time reasonably spent on this case

The actual hours worked on this case by the attorneys, law clerks and paralegals were recorded contemporaneously as part of the regular business records of the firm retained by Plaintiff: Reich, Adell, Crost & Cvitan ("Counsel"). (Perez Decl. ¶ 5.)[1] The time actually worked has been reduced before billing. (Id.) It is these hours, reduced by billing discretion, which are sought here as the reasonable hours spent on the case.

This case was decided following a motion for default judgment. The fees sought in this motion are for hours expended drafting pleadings, appearing at least one hearing, and attempting to seek records from Defendant by subpoena. Defendant added to the legal costs by evading service, refusing to respond to correspondence and generally stonewalling Plaintiff's requests for audit. (Id. at ¶ 7.)

In addition, an estimate of 3.0 hours are included in the calculation here for the preparation of this fee motion. (Id. at ¶ 8.) Since the underlying judgment was unchallenged, Plaintiff does not expect to spend any additional time responding to any opposition to this motion, and will not include any additional time to appear in Court to argue the merits of the motion. (Id.)

---

[1] These records are attached as Exhibit 1 to the Perez Declaration. (Id. at ¶ 6.)

The legislative history to the amendments adding the mandatory fee and cost provision to 29 U.S.C. § 1132(g)(2)(D) show that Congress intended to discourage employers form "lengthy, costly, and complex litigation concerning claims and defenses unrelated to the employer's promise and the plan's entitlement to the contribution" by allowing the plans to recover all "costs incurred in connection with the delinquencies." Committee Report of the Senate Committee on Labor and Human Resources, S. 1076: The Multiemployer Pension Plan Amendments Act of 1980, 96th Cong. 2d Sess. 44 (1980 Sen Lab. Comm. Print). When an employer increases the cost of litigation by its own actions, as here, where Defendant has refused to cooperate with an audit, this Court agrees with Plaintiff that it is clear that Congress intended for that employer to pay that cost if it loses.

### 4. Counsel's hourly rate is reasonable

The "experience, reputation and ability" of Counsel is described in paragraphs 2 and 4 of the Perez Declaration. Counsel in this case has significant experience in ERISA and labor litigation, and the firm is known for high-quality representation in this specialty. (Id.)

Plaintiff submits that the following hourly rates should apply to attorney services in this case:

| | |
|---|---|
| Associate Attorney (CP) | $250.00 |
| Paralegal (JJ) | $100.00 |

Paralegals and law clerks have been customarily billed at $100.00 per hour. (Id. at ¶ 15.)

Based on the information submitted, this Court finds that these hourly rates are reasonable.

Applying these rates to the hours described above yields a total of $3,925.00 in fees.[2]

### 5. An award of the reasonable costs is warranted

In mandatory fee-shifting statutes, such as ERISA § 502 (g)(2)(D), 29 U.S.C. § 1132 (g)(2)(D), out-of-pocket costs which would normally be charged to a fee-paying client may be included as part of the attorney's fee award. See Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994) (pursuant to 42 U.S.C. § 1988.) These expenses are not limited to taxable costs described in 28 U.S.C. § 1920, nor by Local Rule 54-4 of this Court, but rather include all expenses which are "necessary and reasonable" to the case. Id. at 20.

Costs here are described in paragraph 12 of the Perez Declaration and specifically identified in Exhibit 1. These include such costs as filing fees, copying, messengers and computerized legal research. See Central States Areas Pension Fund v. Central Cartage Co., 992 F. Supp. 980, 984 (N.D. Ill. 1998) (computerized legal research allowed as cost incident to attorney fees). These costs total $662.72. This Court finds that an award of said costs is warranted.

## III. CONCLUSION

Accordingly, this Court **GRANTS** Plaintiffs' Motion for Attorney's fees of $3,925.00 and costs of $662.72.

IT IS SO ORDERED.

DATED: SEP 19 2005

**DICKRAN TEVRIZIAN**
Dickran Tevrizian, Judge
United States District Court

---

[2] These are broken down in paragraph 11 of the Perez Declaration.

9